**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5165**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DAVID ELLERBY, a/k/a Chicken,

Defendant – Appellant.

**No. 08-5177**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JERMALL LILLY,

Defendant – Appellant.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:07-cr-00064-CCB-1; 1:07-cr-00064-CCB-2)

Submitted: December 9, 2010      Decided: January 26, 2011

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

———————————

Francis A. Pommett, III, NATHANSON & POMMETT, P.C., Baltimore, Maryland; Jonathan P. Van Hoven, LAW OFFICES OF JONATHAN VAN HOVEN, Baltimore, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Sandra Wilkinson, Tonya Kelly Kowitz, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Ellerby and Jermall Lilly appeal their convictions following a jury trial. Ellerby was sentenced to life imprisonment after being convicted of conspiring to distribute and possess with intent to distribute cocaine and 50 grams or more of cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006) ("Count One"); distribution of 50 grams or more of crack, in violation of 21 U.S.C.A. § 841(a)(1) and (b)(1)(A) (West 1999 & Supp. 2010) ("Count Two"); distribution of 50 grams or more of crack, in violation of 21 U.S.C.A. § 841(a)(1) and (b)(1)(A) ("Count Three"); distribution of cocaine, in violation of 21 U.S.C.A. § 841(a)(1) and (b)(1)(C) (West Supp. 2010) ("Count Four"); and possession with intent to distribute cocaine and 100 grams or more of heroin, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) and (b)(1)(C) (West 1999 & Supp. 2010) ("Count Five"). Lilly was sentenced to 144 months' imprisonment upon his conviction of Counts One and Four. We affirm.

Defendants contend that the district court erred in denying their motion for mistrial and motion for continuance, which were based on the Government's late disclosure of impeachment evidence. We review the district court's ruling on a motion for mistrial and motion for continuance for abuse of discretion. See United States v. Wallace, 515 F.3d 327, 330

3

(4th Cir. 2008); United States v. Williams, 445 F.3d 724, 738-39 (4th Cir. 2006). Defendants also contend that the district court erred in denying their post-trial motion for a new trial, which was based on the expert testimony of a former police officer regarding the integrity of the investigation of Defendants. We likewise review the district court's ruling on a motion for a new trial for abuse of discretion. See United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001).

The Due Process clause requires that the Government disclose to the defense prior to trial any impeaching or exculpatory evidence in its possession. See Giglio v. United States, 405 U.S. 150, 153-55 (1972) (requiring disclosure of evidence affecting the credibility of prosecution witnesses); Brady v. Maryland, 373 U.S. 83, 86-88 (1963) (requiring disclosure of exculpatory evidence). A failure to disclose violates due process, however, only if the evidence in question: (1) is favorable to the defendant, because it is either exculpatory or impeaching; (2) was suppressed by the Government; and (3) is material in that its suppression prejudiced the defendant. See Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Undisclosed evidence is material when its cumulative effect is such that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley,

4

515 U.S. 419, 433-34 (1995) (internal quotation marks omitted). A reasonable probability is one sufficient to "undermine confidence" in the outcome. Id. at 435.

After reviewing the record, we conclude that Defendants fail to demonstrate "a reasonable probability" that the outcome of the proceeding would have been different had the impeachment evidence been disclosed to the defense earlier, or had Defendants been permitted to introduce the testimony of a former police officer in a new trial. Id. at 433-34. The late disclosure of impeachment evidence and the denial of Defendants' motion for a new trial do not undermine confidence in the result of their trial. See id. at 434. Accordingly, the district court did not abuse its discretion in denying Defendants' motion for mistrial, motion for continuance, and motion for a new trial.

We therefore affirm Defendants' convictions. We deny Ellerby's motion seeking leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED